IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRADLEY H. JORDAN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF GEORGIA, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 5:20-cv-76 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. All claims against Nurse Tucker, the State of Georgia, the Medical Department at Coffee Correctional Facility, Warden Upton, and Counselor Clemens;

2. All negligence claims; and

3. All claims for monetary damages against Defendants sued in their official capacities.

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's deliberate indifference to medical treatment claims against Defendants Coley and Cross.

## PLAINTIFF'S CLAIMS[1]

Plaintiff claims he was attacked by his cellmate on January 14, 2020. Doc. 1 at 5. Plaintiff states he suffered a head injury as a result. Id. at 4. Plaintiff states Warden Upton is at fault for the incident because the cell was unsafe. Id. at 5. Plaintiff suggests the cell should have had a panic button and the prison was understaffed. Id. Plaintiff claims Nurse Coley and Nurse Cross have since denied him access to other medical providers. Id. Plaintiff asserts he needs a CAT scan as opposed to a simple Tylenol prescription. Id. Plaintiff states he submitted grievances to Counselor Clemens but has not received assistance. Id. Plaintiff states he brings his claims pursuant to the Eighth Amendment but also states he sues for negligence. Id. at 3. Plaintiff sues for compensatory damages and injunctive relief. Id. at 7.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.    Nurse Tucker**

Plaintiff lists Nurse Tucker in his case heading as a Defendant but fails to mention her anywhere else in his Complaint.  Doc. 1 at 1.  Plaintiff has not stated sufficient factual matter to state a plausible claim against Nurse Tucker.  Ashcroft, 556 U.S. at 678.  Thus, I **RECOMMEND** the Court **DISMISS** all claims against Nurse Tucker.

**II.   State of Georgia and Medical Department at Coffee Correctional Facility**

Similarly, Plaintiff fails to specifically discuss his claims against the State of Georgia and the Medical Department in the body of his Complaint.  Plaintiff has not stated sufficient factual matter to maintain plausible claims against these Defendants.  Ashcroft, 556 U.S. at 678.  Additionally, a state and a medical department operated by a state's department of corrections are not considered "persons" under § 1983.  Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal

entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same); Williams v. Chatham Cnty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.") (citations omitted).  States and agencies operated by the state are generally protected from suit under the Eleventh Amendment.  Alabama v. Pugh, 438 U.S. 781, 782 (1978).  For these reasons, I **RECOMMEND** the Court **DISMISS** all claims against the State of Georgia and the Medical Department at Coffee Correctional Facility.

### III.     Negligence Claims and Warden Upton

A prison official may violate the Eighth Amendment if he is deliberately indifferent to a serious risk, but not every injury inflicted by an inmate against another translates to a constitutional violation against prison officials.  Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019).  "To establish a § 1983 claim for deliberate indifference, a plaintiff must show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'"  Id. (quoting Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016)).  The second element "has both a subjective and objective component."  Id.  In other words, the prison official must both be aware of facts that could create a substantial risk of serious harm and draw an inference from those facts that the particular inmate is at risk.  Id.  For this reason, a mere "negligent failure to protect an inmate from attack" is insufficient to impose § 1983 liability on a prison official.  Id. at 1238.  Likewise, mere negligence by prison officials in diagnosing or treating a condition does not constitute an Eighth Amendment violation.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Therefore, Plaintiff has not stated plausible claims for negligence against any Defendant. Plaintiff has also not stated viable claims against Warden Upton because he only alleges Upton should have placed a panic button in his cell and better staffed the prison. Doc. 1 at 5. Plaintiff has not alleged Warden Upton was aware of facts that could create a risk of serious harm or that he knew Plaintiff specifically was at risk. Marbury, 936 F.3d at 1233. At most, Plaintiff alleges Warden Upton was negligent in failing to oversee safety at the prison. For these reasons, I **RECOMMEND** the Court **DISMISS** all negligence claims and all claims against Warden Upton.

## IV.     Counselor Clemens

The mere denial of a grievance "without person[al] participat[ion] in the unconstitutional conduct brought to light by the grievance, is insufficient to establish § 1983 liability." Williams v. Adkinson, No. 3:17-cv-184, 2020 WL 982007, at *5 (N.D. Fla. Feb. 7, 2020); see also James v. Taylor, No. 5:15-CV-00266, 2016 WL 1696211, at *4 (M.D. Ga. Mar. 22, 2016) ("[Plaintiff's] presentation of a grievance regarding the denial of his vegan food, which was denied by the Warden, does not form a basis for Section 1983 liability."); Robinson v. Owens, No. CV509-056, 2011 WL 474976, at *2 (S.D. Ga. Jan. 4, 2011) ("[A] prison official's rejection of a grievance cannot form the basis of a § 1983 claim."); Gardner v. Riska, No. 3:09-cv-482, 2010 WL 11506602, at *2 (M.D. Fla. Dec. 27, 2010) (dismissing a free exercise claim when defendants denied plaintiff-inmate's grievances for lack of a causal connection as "[t]he fact that [defendants] denied his grievances regarding this matter is insufficient to impose liability under § 1983"), aff'd, 444 F. App'x 353 (11th Cir. 2011).

Plaintiff only alleges Counselor Clemens did not help him after he submitted grievances to him. Doc. 1 at 5. Plaintiff has not alleged Counselor Clemens personally participated in any

5

unconstitutional conduct.  Thus, I **RECOMMEND** the Court **DISMISS** all claims against Counselor Clemens.

V.      **Monetary Damages**

Plaintiff sues all Defendants in their individual and official capacities but also seeks monetary damages.  Doc. 1 at 2–3, 7.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.  Therefore, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants sued in their official capacities.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. All claims against Nurse Tucker, the State of Georgia, the Medical Department at Coffee Correctional Facility, Warden Upton, and Counselor Clemens;

2. All negligence claims; and

3. All claims for monetary damages against Defendants sued in their official capacities.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of April, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA